## Booth Bottling Co., Inc., v. Kelly, Secretary of Revenue, et al.

*Sylvan Lefcoe*, for petitioner.

*Manuel Kraus*, Deputy Attorney General, and *Charles J. Margiotti*, Attorney General, for respondents.

WICKERSHAM, J., December 29, 1936.—This is an action in mandamus brought by plaintiff against the Secretary of Revenue and the Board of Finance and Revenue of the Commonwealth of Pennsylvania to compel them to make a refund to plaintiff of Pennsylvania beverage tax stamps to the value of $240.

Upon petition of plaintiff a writ of mandamus in the alternative form was issued. To the writ so issued defendants filed a return admitting some of the paragraphs and denying or explaining others. To the return plaintiff filed a demurrer. This demurrer admits the facts alleged in the answer.

From the pleadings not denied we find the following

### Facts

1. Petitioner is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, doing business at Clearfield and Ruth Streets, Philadelphia; and plaintiff admits that defendants are members of the Board of Finance and Revenue.

2. Sometime prior to and during June 1933, petitioner has held a license as distributor of malt beverages, pursuant to Pennsylvania law.

3. On June 3, 1933, and on June 10, 1933, petitioner sold and shipped to the Acme Supply Company, Los Angeles, Cal., an aggregate of 2,000 cases of beer in bottles (two shipments being made on the respective stated dates of 1,000 cases each), and upon said bottles were affixed Pennsylvania beverage tax stamps in the amount of $240, pursuant to the Beverage Tax Law of May 5, 1933, P. L. 284.

4. These stamps were purchased, not by plaintiff, but by Esslinger's Inc.

5. On June 26, 1933, petitioner applied in writing to the Pennsylvania Department of Revenue for stamps or crowns in the amount of $240 in refund of the stamps affixed to said bottles of beer, and submitted with and in support of said application petitioner's affidavit that said beverages were sold and shipped by it, an affidavit by said Acme Supply Company settling forth an acknowledgement that it had received said beverages with said stamps thereon, and the shipper's copies of the bills of lading covering said shipments, true and correct copies of said affidavits and bills of lading being attached to plaintiff's petition.

6. The Department of Revenue, on August 8, 1933, and on various dates subsequently, the last such date being May 26, 1936, refused and declined to allow said claim for refund or submit said claim to the Board of Finance and Revenue for the latter's approval, for the reason that plaintiff did not purchase said stamps.

### Questions involved

1. May plaintiff, which is neither a manufacturer nor distributor of beverages within the meaning of the 1933 Beverage Tax Law, obtain a refund of tax paid upon beverages sold and shipped by it to a regular distributor

thereof in another State upon submission of the proofs of sale and shipment required by section 10 of said law?

2. Under section 10 of said law, may plaintiff obtain a refund of beverage taxes paid to the Commonwealth by some third party but not by plaintiff?

## Discussion

The Beverage Tax Law of May 5, 1933 imposes a tax "upon all beverages manufactured in this Commonwealth when prepared for market, or imported into this Commonwealth when the same come to rest or storage in this Commonwealth."

The right of the legislature to impose tax upon the beer involved in this case is not questioned. Plaintiff is not attacking the legality of the imposition of the tax but is attempting to establish a right of refund because of circumstances arising after the taxing point has passed. We think the right to obtain refunds was carefully defined and strictly circumscribed in section 10 of the act, which reads as follows:

"In case any beverages upon which stamps or crowns have been placed by manufacturers or distributors have been sold and shipped to a regular dealer in such beverages in another state, the seller in this Commonwealth shall be entitled to a refund of the actual amount of tax paid, upon condition that the seller in this Commonwealth shall make affidavit that the beverages were so sold and shipped, and that he shall furnish from the purchaser a written acknowledgment that he has received such beverages and the amount of stamps or crowns thereon, together with the name and address of the purchaser, whereupon the department shall, with the approval of the Board of Finance and Revenue, issue to the seller in this Commonwealth stamps or crowns of sufficient value to cover the refund."

Plaintiff contends that it is a seller of beverages, even though it is not a manufacturer or distributor thereof within the meaning of the act. With this contention we

are in accord. Insofar as the act applies to the return of crowns for interstate shipments, the seller is one who sells in this Commonwealth to a purchaser outside of the Commonwealth; and unless the act is so construed as to apply to a seller who is not the manufacturer, even though he may not have paid the tax qua tax but only paid it in the increased price of the product, the intention of the legislature could not be carried out. The seller must, in order to secure a return, furnish the name and address of the nonresident purchaser together with an acknowledgment of the purchaser of the amount of the stamps or crowns on the beverages purchased.

Construing this statute as applied to this case, the manufacturer could not secure a return because he is the manufacturer in the Commonwealth who sold to a purchaser in the Commonwealth, and his relation to the beverages sold ended when plaintiff in this case bought them. Moreover, he could not make the required statement as to the sale out of the Commonwealth because he would know nothing about the nonresident purchaser.

The purpose of this statute is to provide that there shall be no tax upon interstate shipments; otherwise the statute might be unconstitutional. If plaintiff here cannot secure a return equivalent to the amount of the crowns placed upon the interstate shipment, it defeats the very purpose of the act and results in Pennsylvania collecting a tax on interstate shipments. A construction which results in such an unconstitutional tax should be avoided. Applying the rules of syntax in the construction of this statute, the "seller" can only mean the last seller who sold and shipped the product outside of the Commonwealth.

For the reasons above stated we think the first question involved must be answered in the affirmative. We are also of opinion that the second question involved must be answered in the affirmative.

And now, December 29, 1936, it is ordered, adjudged and decreed that the writ of mandamus in the alternative form issued in this case must be and is hereby made peremptory; costs to be paid by defendants.